IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| COREY K. MOORER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 24-00200-KD-MU |
| | ) |
| STATE OF ALABAMA, | ) |
| | ) |
| Respondent. | ) |

**ORDER**

Corey K. Moorer is a pretrial detainee in state custody (doc. 1). He was charged with three felony offenses including murder, and bail was set at $275,000.00. Then, he was "arrested on a charge of Harassment Communication" and his original bail was revoked (Id.). The harassment charge was dismissed and Moorer moved to reinstate his original bail (Id.). The motion was to be heard on April 23, 2024 (Id.). However, at that time, the district court judge told Moorer that his district court felony cases were now before the Grand Jury and that the district court judge had lost jurisdiction to reinstate Moorer's original bail. (Id.).

Now, Moorer has a filed a "petition for writ of habeas corpus" and "is seeking relief from this honorable court to direct the Circuit Court of Mobile County, Alabama to reinstate [his] original bail" (Id.). The Magistrate Judge twice ordered Moorer to pay the $5.00 filing fee or to file a motion to proceed without prepayment of fees on the Court's form (docs. 2, 3). The last order was mailed to Moorer on August 15, 2024 (doc. 3). On October 2, 2024, the Magistrate Judge entered a Report and Recommendation to dismiss this action without prejudice for failure

to follow the Court's orders and failure to prosecute (doc. 4).  To date, Moorer has not objected to the Report and Recommendation.

After due and proper consideration of all portions of this file deemed relevant to the issues raised, and there having been no objections filed, the Report and Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) (doc. 4) is **ADOPTED** as the opinion of this Court.  Accordingly, this action is dismissed without prejudice for failure to prosecute and failure to comply with the Court's orders.

Certificate of Appealability

Moorer did not specify whether his petition was brought pursuant to 28 U.S.C. § 2254 or 28 U.S.C. § 2241. His "[s]tate pre-trial detention ... might violate the Constitution or the laws or treaties of the United States, but a person held in such pre-trial detention would not be in custody pursuant to the judgment of a State court, as referenced in and required by § 2254, and thus [s]uch a prisoner would file an application for a writ of habeas corpus governed by § 2241 only." Hasting v. McNeil, 4:24CV265-WS/MAF, 2024 WL 4546091, at *3 (N.D. Fla. Sept. 16, 2024), report and recommendation adopted, No. 4:24CV265–WS/MAF, 2024 WL 4544114 (N.D. Fla. Oct. 22, 2024) (quoting Medberry v. Crosby, 351 F.3d 1049, 1060 (11th Cir. 2003) (internal quotation marks omitted).  Therefore, the Court considers Moorer's petition as brought pursuant to 28 U.S.C. § 2241(c)(3)[1]. Because his "detention 'arises out of process issued by a State court,' he must obtain a certificate of appealability to appeal. 28 U.S.C. § 2253(c)(1)(A)." Georgia v. Shafer, No. 23-13360, - - - F. 4th - - -, 2024 WL 4562469, at *2 (11th Cir. Oct. 24, 2024) (citation omitted).

---

[1] "The writ of habeas corpus shall not extend to a prisoner unless ... [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

A certificate of appealability may issue only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the petitioner must establish that reasonable jurists would find debatable both whether the petition states a valid claim of the denial of a constitutional right and whether the district court was correct in its procedural ruling." Id. (citing Slack v. McDaniel, 529 U.S. 473, 478, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)).

The Court finds that Moorer has not shown that reasonable jurists would find debatable whether his petition states a valid claim of the denial of a constitutional right. Moorer has not exhausted all available state court remedies. He attached a copy of his notice of appeal to the Alabama Court of Criminal Appeals which shows that his appeal was docketed on May 10, 2024 (doc. 1-1). "It is by now well established that a district court may not grant a § 2241 petition 'unless the petitioner has exhausted all available state remedies.'" Johnson v. Florida., 32 F.4th 1092, 1095–96 (11th Cir. 2022). Also, Moorer "is seeking relief from this honorable court to direct the circuit court of Mobile County, Alabama to reinstate [his] original bail" (doc. 1, p. 1, 4). Thus, Moorer asks this Court to interfere with a state proceeding. However, "[f]ederal courts consistently abstain from enjoining state criminal prosecutions unless a limited exception applies: (1) evidence indicates the state proceedings are motivated by bad faith; (2) irreparable injury would occur; or (3) no adequate alternative state forum exists in which to raise the constitutional issues." Younger v. Harris, 401 U.S. 37, 45-49 (1971); Hughes v. Att'y Gen. of Fla., 377 F.3d 1258, 1263 n.6 (11th Cir. 2004). Moorer has failed to make a showing on any of the exceptions.

Also, the record shows that Moorer failed to follow the Court's orders and failed to prosecute this action. Therefore, reasonable jurists could not find debatable the issue of whether the Court was correct in its procedural ruling to dismiss the petition without prejudice. Accordingly, a Certificate of Appealability is denied.

**DONE** and **ORDERED** this 4th day of November 2024.

                                              s/ Kristi K. DuBose
                                              KRISTI K. DuBOSE
                                              UNITED STATES DISTRICT JUDGE